**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

CARMEN ELENA GONZALEZ GARCIA

        **Debtor(s)**

CARMEN ELENA GONZALEZ GARCIA

        **Plaintiff**

        **V**

BANCO BILBAO VIZCAYA
ARGENTARIA

        **Defendant(s)**

**CASE NO. 09-03418 BKT**

**CHAPTER 13**

**ADVERSARY NO. 09-0143**

FILED & ENTERED ON 09/27/2010

<u>**DECISION AND ORDER**</u>

This proceeding is before the Court upon the Defendant's motion for summary judgment [Dkt. No. 37] and Plaintiff's opposition to summary judgment [Dkt. No. 40]. For the reasons set forth below, the Defendant's motion for summary judgment is GRANTED.

<u>**I. FACTUAL BACKGROUND:**</u>

On April 30, 2009, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On July 30, 2009, the Debtor filed the instant adversary proceeding alleging that Defendant Banco Bilbao Vizcaya Argentaria Puerto Rico (BBVA) failed to redact the Debtor's personal and private data in violation of sections 105(a) and 107(c) of the Bankruptcy Code [Dkt. No. 1]. On August

20, 2010, the Defendant filed the instant motion for summary judgment alleging that these sections do not create private causes of action, and/or that the Plaintiff has failed to allege damages as a result of any violations committed by the Defendant [Dkt. No. 37].  On September 17, 2010, the Plaintiff filed her opposition to summary judgment [Dkt. No. 40].

## II. SUMMARY JUDGMENT STANDARD:

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact.  In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).  A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party

resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.  The Court must view the evidence in a light most favorable to the nonmoving party.  Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

### III. LEGAL ANALYSIS AND DISCUSSION:

The Plaintiff's Amended Complaint, alleging violations of sections 105(a) and 107(c) of the Bankruptcy Code, depends upon the existence of a private cause of action under these sections.  The First Circuit has specifically held that section 105 does not itself create a private cause of action, but a court may invoke section 105(a) in equity if necessary to preserve a right provided elsewhere in the Code.  Noonan v. Secretary of Health and Human Servs., 124 F.3d 22, 28 (1st Cir. 1997).  Section 107(c) also creates rights enforceable only by the bankruptcy court, as indicated by the text of the code itself: "The bankruptcy court, for cause, may […]."  11 U.S.C. § 107(c).  Had congress intended to create a private cause of action under this section, it could have used the terminology in section 107(b): "*On request of a party in interest*, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may […]."  11 U.S.C. § 107(b) (emphasis added).

Thus neither section 105(a) nor 107(c) creates a private cause

of action.  However, according to the Court in <u>Noonan</u>, a litigant may compel the Court to invoke section 105(a) to protect a substantive right provided elsewhere in the Code.  The Plaintiff may be able to compel this Court to impose sanctions under section 105(a) to preserve rights under section 107(c) if she can show that the Defendant's actions have violated her substantive rights regarding the privacy of her personal information.  The record indicates that the Defendant in this proceeding has already redacted the offending portions of its proof of claim, and the Plaintiff has not alleged any actual damages accruing from the Defendant's temporary failure to redact her personal information. Accordingly, the Plaintiff's claim under section 105(a) is not necessary to preserve a substantive right to which she is entitled under the code.  If the Plaintiff can show that the personal information disclosed by the Defendant actually caused her some measurable amount of damages, then she may amend her complaint to compel the Court to enforce section 105(a) to redress such damages.

Having determined (1) that the Plaintiff has no private cause of action under section 107(c); (2) that the Court need not invoke section 105(a) to protect the Plaintiff's substantive rights under the Code; and (3) that there are no other material facts in dispute, this Court determines that the Defendant has met the burden for summary judgment.

**WHEREFORE, IT IS ORDERED** that the Defendant's motion for summary judgment shall be, and it hereby is, GRANTED.

Judgment will be entered accordingly.

**SO ORDERED.**

San Juan, Puerto Rico, this 27 day of September, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**c: DEBTOR(S)**
**JUAN MANUEL SUAREZ COBO**
**LUIS F DEL VALLE**
**JOSE RAMON CARRION MORALES**
**BANCO BILBAO VIZCAYA ARGENTARIA**
**JAMES W MCCARTNEY**